**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARREN K. BYLER,<br><br>             Plaintiff - Appellant,<br><br>   v.<br><br>UNITED STATES COAST<br>GUARD; AARON WOODS, USCG CGIS<br>Agent; SARA LOVETTE, USCG LT.<br>(Ret.),<br><br>             Defendants - Appellees. | No. 24-3968<br><br>D.C. No. 3:23-cv-00281-RRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted February 18, 2026[**]

Before:      CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Darren K. Byler appeals pro se from the district court's judgment dismissing

his Federal Tort Claims Act action alleging torts arising during his post-conviction

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

challenge to his criminal conviction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Sanders v. City of Pittsburg*, 14 F.4th 968, 970 (9th Cir. 2021). We affirm.

The district court properly dismissed Byler's action as *Heck*-barred because success on Byler's claims would necessarily imply the invalidity of his conviction, and Byler has not demonstrated that his conviction has been invalidated. *See Heck*, 512 U.S. at 486-87 (holding that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

Byler's motion (Docket Entry No. 17) to file exhibits conventionally is denied.

**AFFIRMED.**

24-3968